**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES ex rel. ARLENE COHEN<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>CITY OF PALMER, ALASKA, A Political Subdivision of the State of Alaska,<br><br>        Defendant - Appellee. | No.    15-35236<br><br>D.C. No. 3:11-cv-00199-SLG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted August 3, 2016
Anchorage, Alaska

Before: FISHER, PAEZ and HURWITZ, Circuit Judges.

Arlene Cohen appeals from the district court's dismissal of her *qui tam* suit

against the City of Palmer, Alaska. She alleges that, in applying for and submitting

reimbursement requests for government stimulus funds, Palmer falsely certified it

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

had complied with certain laws, regulations and contractual provisions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Each of Cohen's claims fails for the same reason: Cohen has not plausibly alleged that Palmer's "failure to disclose noncompliance with material statutory, regulatory, or contractual requirements" made any of its statements "misleading half-truths." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2001 (2016).

1. Cohen has not plausibly alleged Palmer was prohibited from using force-account labor on its construction projects. None of Cohen's authorities required Palmer to contract out the labor through a competitive bidding process. The American Recovery and Reinvestment Act of 2009 (ARRA), Pub. L. No. 111-5, 123 Stat. 115, for example, requires competitive bidding *if* a locality contracts out the labor but does not prohibit a locality from performing the work itself. *See* § 1554, 123 Stat. at 302. Palmer's grant applications and the terms and conditions of those grants similarly require compliance with ARRA, but do not independently bar the use of force-account labor. Other provisions Cohen cites apply only to highway construction projects or procurement – not the water distribution and treatment projects Palmer undertook. *See* 23 U.S.C. § 112; 23 C.F.R. 635, Subpart B (2016); 29 C.F.R. 97.36(d)(2) (2016).

2

**2.** Cohen also has not plausibly alleged that Palmer was prohibited from paying its employees Davis-Bacon wages. We agree Palmer was not statutorily required to pay such wages. *See* ARRA § 1606, 123 Stat. at 303 (requiring Davis-Bacon wages for "all laborers and mechanics employed by contractors [on ARRA-funded projects]"); 29 C.F.R. § 5.2(h) (2016) ("A . . . local Government is not . . . a contractor . . . where construction is performed by its own employees."). But Cohen has pointed to no authority *prohibiting* Palmer from doing so; each of Cohen's authorities suggests only that Davis-Bacon wages were not required.

**3.** Cohen has not plausibly alleged Palmer was required to create private-sector jobs. The purposes of ARRA do not require the creation of private-sector jobs to the exclusion of public-sector jobs. *See* § 3(a)(1), 123 Stat. at 116 ("[t]o preserve . . . jobs and promote economic recovery"); § 3(a)(5), 123 Stat. at 116 ("[t]o stabilize State and local government budgets"). Although Palmer certified it would use grant funds "to create jobs and promote economic growth," that certification did not require Palmer to create exclusively private-sector jobs.

**AFFIRMED.**